UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-06812-MRA-DFM | Date | January 6, 2026 |
|---|---|---|---|
| Title | *Loretta McGrath v. Experian Information Solutions, Inc., et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO CURE DEFICIENCIES IN REQUEST FOR SUMMONS OR SHOW CAUSE FOR LACK OF PROSECUTION**

Plaintiff Loretta McGrath ("Plaintiff" or "McGrath"), proceeding pro se, initiated this Fair Credit Reporting Act case on July 22, 2025. ECF 1. On August 28, 2025, Plaintiff filed a First Amended Complaint ("FAC") in which she named Experian Information Solutions, Inc., Equifax Information Services, LLC, Transunion, LLC, American Express Company, Mission Lane, Mariner Finance, Plaza Services, Resurgent Capital Services, Westlake Financial, and Synchrony Bank SYNCB/Amazon as Defendants. ECF 12. On the same day Plaintiff filed the FAC, she filed a Request for the Clerk to Issue Summons on Defendants. ECF 14. On September 4, 2025, the Clerk identified multiple deficiencies in the Request to Issue Summons, including Plaintiff's failure to properly designate Defendants' addresses. ECF 15. On October 24, 2025, the Court issued an Order to Show Cause for Lack of Prosecution.[1] ECF 16. On October 30, 2025, Plaintiff responded to the Order to Show Cause but did not address the deficiencies in the Request to Issue Summons. ECF 17.

Federal Rule of Civil Procedure ("Rule") 4 sets forth the requirements for service of process. Under Rule 4, a plaintiff must serve a defendant with a summons along with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). The summons must contain specific information, and it must be signed by the clerk and bear the court's seal. *Id.* 4(a). Under the Local Rules, the summons must be prepared using an approved form of summons available on the district's website (cacd.uscourts.gov). L.R. 4-1. In general, once the Clerk has issued a summons, the summons and a copy of the complaint must be served on a defendant by a person who is at least 18 years of age and not a party to the case within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(c)(1)-(2), (m). A plaintiff is "responsible for having the summons and complaint served within

---

[1] At the time, this case was before a different district judge. On December 9, 2025, the case was transferred to the undersigned judge. ECF 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-06812-MRA-DFM | Date | January 6, 2026 |
|---|---|---|---|
| Title | *Loretta McGrath v. Experian Information Solutions, Inc., et al.* | | |

the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." *Id.* 4(c)(1). If a defendant is not served within 90 days after the complaint is filed, the court, on its own, must dismiss the action without prejudice against that Defendant or order that service be made within a specified time. *Id.* 4(m).

Here, Plaintiff has not corrected the identified deficiencies in the Request to Issue Summons. Unless and until Plaintiff corrects these deficiencies, service against Defendants cannot be effectuated. Accordingly, the court **ORDERS** Plaintiff to do one of the following:

1) Cure the deficiencies identified by the Clerk and file a renewed Request to Issue Summons on all Defendants **and** file proofs of service on all Defendants within **28 days** from the date of this Order; or

2) Voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a).

If Plaintiff does not take any action within 28 days of the issuance of this Order, this action shall be dismissed for lack of prosecution. *See* Fed. R. Civ. Pro. 41(b); L.R. 41-1; *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "inherent power" of district court to dismiss sua sponte for lack of prosecution).

**IT IS SO ORDERED.**

\_\_\_ : \_\_\_

Initials of Deputy Clerk   mku